IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | ) | CRIMINAL NO: JKB 17-0163 |
|---|---|---|
| v. | ) | |
| RICKY EVANS | ) | |

**MOTION TO SUPPRESS STATEMENT OF DEFENDANT**

Defendant Ricky Evans, by and through his attorney Gary E. Proctor, hereby moves this Honorable Court, pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, to suppress any statements made by him. In support of this Motion, Mr. Evans relies on the following facts, points, and authorities, and any additional facts, points, and authorities that may be raised at the hearing on this Motion.

Mr. Evanswas questioned by law enforcement for several hours upon his arrest. Information provided through discovery indicates that this statement was taken in violation of Mr. Evans' Sixth Amendment right to counsel, and Fifth Amendment privilege against self incrimination and is thus inadmissible in this case.

The Due Process Clause requires that any statement given to the law enforcement be voluntary. *Shneckloth v. Bustamonte*, 412 U.S. 218 (1973). The burden is on the Government seeking to introduce the statement to prove by a preponderance of the evidence that the statement was given voluntarily. *Lego v. Twomey*, 404 U.S. 477, 489 (1972). A challenge to the voluntariness of an admission requires this court "to determine

1

whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution[.]" *Miller v. Fenton*, 474 U.S. 104, 112 (1985). *See also, Schneckloth*, 412 U.S. at 225.

It is well-established that law enforcement officers engaged in custodial interrogation of a suspect are required to recite a prophylactic warning advising the suspect of his/her option to invoke his Fifth and Sixth Amendment rights. Prior to any questioning, the suspect must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed. *Miranda v. Arizona*, 384 U.S. 436, 344-45 (1966).

Although "[a]n express written or oral statement of waiver of the right to remain silent ... is usually strong proof of the validity of that waiver, [it] is not inevitably ... sufficient to establish waiver." *Butler,* 441 U.S. 369, 373; *see also Blasingame v. Estelle,* 604 F.2d 893, 896 (5th Cir.1979).

Whenever custodial interrogation proceeds, a prerequisite to the later admissibility of any statements obtained thereafter is conditioned on the Government's ability to demonstrate that the accused "knowingly and voluntarily waived his or her privilege against self-incrimination and his or her right to retained or appointed counsel." Id. at 475.

Any inquiry into the voluntariness of an alleged *Miranda* waiver has two

dimensions. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Id. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. Id.

Mr. Evans was clearly in custody when questioned by the law enforcement officers in this case. Defendant found himself in a "police dominated" environment that clearly implicated the coercion associated with custodial interrogation. *See Berkemer v. MacCarty*, 468 U.S. 420 (1984).

A waiver of rights may be deemed invalid, as "the product of deception," if it was made without "full awareness" of "the consequences of the decision...." *Hart v. Attorney Gen. of the State of Florida*, 323 F.3d 884, 893 (11th Cir.2003)*, United States v. Moran,* 475 U.S. at 412, 421 (1986)*.* In *Hart,* the court reasoned that:

> In this case, Detective Mauer [i.e., the first detective] went to great lengths to apprise Hart of his rights. He testified that he went over the *Miranda* rights waiver form with Hart and carefully explained each *Miranda* warning to Hart, including that anything he said could be used against him in court. Mauer testified that Hart signed the form to indicate that he understood each right and that he was willing to answer questions without a lawyer....*Our analysis cannot end with Hart's signing of the waiver form because we are required to examine the 'totality of the circumstances surrounding the interrogation' to determine whether Hart's decision to*

3

*waive his rights was made voluntarily, knowingly, and intelligently*

Id. (Emphasis in the Original).

Of particular relevance to courts are instances where interrogating officers have made assurances such as: "we are just talking," *Logan v. State*, 164 Md. App. 1, 48 (2005) or, like in *United States v. Cohen,* 372 F.Supp.2d 340, 347-48 (E.D.N.Y. 2005) where the defendant asked the detective whether he needed a lawyer and, in response, the detective shrugged, motioned with his hands that it was up to the defendant" *id.* at 347,

WHEREFORE, for the above reasons, and for any other reasons which may appear to the court, Defendant respectfully moves this Court to suppress his statement.

Respectfully submitted,

_____/s/_____
Gary E. Proctor
Bar Roll 27,936
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry St.
Baltimore, MD 21202
410-444-1500

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this April 9, 2017, a copy of the foregoing Motion to Suppress Statement was emailed to counsel using ECF.

_____/s/_____<br>
Gary E. Proctor