IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO: JKB 17-0163 |
| | ) | |
| v. | ) | |
| | ) | |
| RICKY EVANS | ) | |
| | ) | |
| | ) | |

**MOTION TO SUPPRESS TANGIBLE EVIDENCE SEIZED FROM
5208 LOCH RAVEN BOULEVARD, APARTMENT E.**

Defendant Ricky Evans, by and through his attorney Gary E. Proctor, hereby moves this Honorable Court, to issue a pre-trial ruling barring the government from admitting any evidence seized from the residence located at 5208 Loch Raven Boulevard, Apartment E, Baltimore, Maryland 21239. In support of this Motion, Mr. Evans relies on the following facts, points, and authorities, and any additional facts, points, and authorities that may be raised at the hearing on this Motion.

1. The defendant, Ricky Evans, is charged in a three count indictment of conspiracy to distribute and possession with intent to distribute heroin, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon.

2. The discovery that the undersigned has received so far indicates that a wiretap was authorized for the Defendant's cell phone in November 2016. This affidavit in support of this warrant was based on the testimony of several confidential sources who were working with the Government following their own indictments, as well as one additional confidential source who was observing drug activity in the area of Monument Street and Rose Street in Baltimore

1

and *possibly* saw someone who may have been Mr. Evans. Defendant argues that these wiretaps were unauthorized under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et seq.* ("Title III") for failure both to minimize the interception and failure to utilize less intrusive investigative techniques.

3. The defendant contends that the violations of Title III result in a violation of his rights under the Fourth Amendment to the United States Constitution and the evidence seized in connection with the searches should be suppressed. Subsequent to the issuance of this wiretap, law enforcement officers intercepted all electronic communications from Mr. Evans cellular phone and continued to obtained warrants for both his phone and other phones on the basis of the intercepted communications, which were the fruit of the unlawful search and seizure of Mr. Evans' electronic communications.

4. Mr. Evans had a reasonable expectation of privacy at the residence.

5. This search pursuant to the search warrant violated the Fourth Amendment to the United States Constitution, because the affidavit underlying the warrant did not establish probable cause to believe evidence of a crime would be found at the location. See Doe v. Broderick, 225 F.3d 440, 451 (4th Cir. 2000) ("The fundamental constitutional principle that search warrants must be founded upon probable cause derives from the language of the Fourth Amendment itself, which provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'"); Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (officer seeking issuance of search warrant must present affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause";

probable cause requirement demands that officer demonstrate "fair probability" that evidence of crime will be found at particular place); Brinegar v. United States, 338 U.S. 160, 175 (1949) (probable cause means "more than bare suspicion").

6. In addition, the decision to seek the search warrant was prompted by information the police earlier obtained during an unlawful search and seizure, and information obtained during the unlawful search and seizure was presented to the magistrate judge and affected the judge's decision to issue the search warrant for 5208 Loch Raven Boulevard, Apartment E, Baltimore, Maryland 21239. Accordingly, the warrant was tainted by the prior illegality and its fruits must be suppressed. When the information obtained during the prior unlawful search and seizure is extracted from the affidavit, it is insufficient to support issuance of the warrant. See Murray v. United States, 487 U.S. 533, 542 (1988) (search warrant that follows Fourth Amendment violation is invalid when police's decision to seek warrant was prompted by information obtained during unlawful search and seizure, or if information obtained during unlawful search and seizure was presented to magistrate judge and affected his decision to issue the warrant); Segura v. United States, 468 U.S. 796, 813-14 (1984) (when police conduct unlawful search and later obtain warrant, evidence seized under warrant must be suppressed unless warrant was based on information wholly unconnected to earlier illegality); United States v. Karo, 468 U.S. 705, 719 (1984) (information obtained in violation of Fourth Amendment would invalidate search warrant "if it proved to be critical to establishing probable cause for the issuance of the warrant").

7. Moreover, the affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrant. See United States v. Leon,

468 U.S. 897, 923 (1984) (when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith) (quotation omitted).

8. Because the defense's investigation of this case is incomplete, Mr. Evans reserves the right to move for suppression of evidence based on grounds not now discernible such as, but not limited to, rights under Franks v. Delaware, 438 U.S. 154 (1978). By the same token, not all discovery has been received thusfar. Accordingly, counsel reserves the right to raise additional motions challenging the seizure of evidence that was outside the scope of the search warrant. Counsel also reserves the right to file later motions raising objections on relevancy grounds to the admission of any evidence that was seized from the residence.

9. Mr. Evans accordingly requests that this Court issue a pre-trial ruling barring the government from admitting at trial in this case evidence obtained during the search of the residence located at 5208 Loch Raven Boulevard, Apartment E, Baltimore, Maryland 21239.

WHEREFORE, Ricky Evans respectfully moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any evidence seized from the home located 5208 Loch Raven Boulevard, Apartment E, Baltimore, Maryland 21239.

Respectfully submitted,

_____/s/_____
Gary E. Proctor
Bar Roll 27,936
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry St.
Baltimore, MD 21202
410-444-150

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 12, 2018, a copy of the foregoing Motion to Suppress Search was served on counsel of record via ECF.

_____/s/_____
Gary E. Proctor